**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| In re | : | |
| MICHAEL V. LYONS, | : | Chapter 7 |
| Debtor | : | No. 05-49464-JBR |
| ______________________________ | : | |

**MEMORANDUM OF DECISION ON DEBTOR'S MOTION TO AVOID JUDICIAL LIEN AND CREDITOR GREEN VALLEY FARMS, INC. OPPOSITION THERETO**

This matter came before the Court for a hearing on the Motion of Michael V. Lyons to Avoid Judicial Lien [Docket #53] and the Opposition of Creditor Green Valley Farms, Inc. thereto [Docket #60]. For the reasons set forth herein, the Debtor's Motion to Avoid Judicial Lien is GRANTED.

Michael V. Lyons ("Debtor"), who filed a petition for relief under Chapter 7 of the Bankruptcy Code on October 14, 2005, was allowed to reopen his bankruptcy case for the purpose of filing a motion to avoid a judicial lien on his personal residence ("Property") held by Green Valley Farms, Inc. ("Green Valley"). The Debtor purchased the Property on April 26, 1977 and recorded a homestead declaration on August 12, 2004. Two weeks after the Debtor recorded the homestead, Green Valley was granted an attachment on the Property in the amount of $50,000.00.[1]

The Debtor argues that Green Valley's judicial lien should be avoided pursuant to 11 U.S.C. §522(f) because it impairs an exemption to which the Debtor would otherwise be entitled. In response, Green Valley argues that the Debtor's homestead exemption should be limited because (1) the Debtor recorded his homestead exemption with the intent to hinder, delay, or defraud creditors within the 10-year period provided for in 11 U.S.C. §522(o)(4); (2) the Debtor recorded his homestead exemption within the 1,215-

[1] In the state court proceeding, Green Valley argued that the Debtor's homestead should be avoided as a fraudulent conveyance under MASS. GEN. LAWS. ANN. ch. 109A, §1 et seq. because it was recorded only a few weeks after Green Valley notified him that it intended to take legal action to collect on its note. Green Valley was granted an attachment, but the state court made no specific findings on the fraudulent conveyance issue.

day period provided for in 11 U.S.C. § 522(p)(1)(D); and (3) the state court subordinated the Debtor's homestead to its attachment.[2]

Section 522 of the Bankruptcy Code allows a debtor to exempt certain property from the bankruptcy estate. 11 U.S.C. §522 (West 2006). If the state has not opted out of the federal exemption scheme, the debtor may elect between the federal bankruptcy exemptions and those provided under state or local law. 11 U.S.C. §522(b)(1). Here, the Debtor chose the state exemption scheme and claims a $500,000.00 homestead under Massachusetts law. *See* MASS. GEN. LAWS. ANN. ch. 188, §1 (West 2006). Section 522(f) allows a debtor to avoid a judicial lien to the extent it impairs an exemption to which the debtor would otherwise be entitled. 11 U.S.C. §522(f)(1). Here, Green Valley's lien fully impairs the Debtor's homestead exemption and should be avoided in its entirety[3] because the Court finds that Sections 522(o) and (p) do not apply.

Sections 522(o) and (p) were enacted as part of the Bankruptcy Abuse Prevention and Consumer Protection Act[4] and limit the value of a debtor's homestead exemption under certain circumstances. Section 522(o)(4) is a limitation on a debtor's homestead exemption to the extent the debtor's interest in the underlying property is attributable to the debtor converting nonexempt assets with the intent to hinder, delay, or defraud creditors within 10 years of the bankruptcy filing. *In re Agnew*, --- B.R. ---, 2006 WL 3208564, *1 (Bankr. D. Kan. 2006). It provides in relevant part: "*the value of an interest in… real or personal property that the debtor or a dependant of the debtor claims as a homestead; shall be reduced to the extent that such value is attributable to any portion of any property that the debtor disposed of in the 10-year period ending on the date of the*

---

[2] Although the state court made no specific findings, Green Valley argues that the state court *implicitly* subordinated the Debtors' homestead to its lien because the amount of the exemption ($500,000.00) was greater than the Property's value ($380,000.00), and therefore the attachment ($50,000.00) would be a "practical nullity ab initio" unless it was somehow given priority. *See* Creditor's Memorandum at p. 2 [Docket #85]. Green Valley recently asked the state court to clarify its order and make specific findings on the issue. The Court finds it unnecessary to wait for the state court's actions in light of the Debtor's bankruptcy. Upon the filing of bankruptcy, the provisions of the Massachusetts Homestead Act subordinating the homestead to certain types of debts, including those incurred prior to the recordation of a homestead, are inoperative and yield to the Bankruptcy Code's own provisions found in Section 522(c). MASS. GEN. LAWS. ANN. ch. 188, § 1 (West 2006). *See In re Weinstein*, 164 F.3d 677, 681 (1st Cir. 1999).

[3] Using the formula in Section 522(f)(2)(A), the secured encumbrances on the Property total approximately $332,000.00, leaving the Debtor with only $48,000.00 in equity based on the Property's estimated value of $380,000.00. The Debtor's equity is less than the $500,000.00 of equity protected by the Massachusetts homestead exemption, and therefore, Green Valley's lien fully impairs the Debtor's exemption and should be avoided in its entirety under Section 522(f)(1).

[4] Sections 522(o) and (p) are applicable to cases filed after April 20, 2005.

*filing of the petition with the intent to hinder, delay, or defraud a creditor and that the debtor could not exempt, or that portion that the debtor could not exempt, under subsection (b), if on such date the debtor had held the property so disposed of*." 11 U.S.C. §522(o)(4). Section 522(p)(1)(D) caps a debtor's homestead exemption to $125,000.00 if the debtor acquired his interest in the property within the 1,215 days prior to filing bankruptcy. *In re Rasmussen*, 349 B.R. 747, 753 (Bankr. M.D. Fla. 2006). It provides in pertinent part: "*a debtor may not exempt any amount of interest that was acquired by the debtor during the 1215-day period preceding the date of filing of the petition that exceeds in the aggregate $125,000 in value in-…real or personal property that the debtor or dependant of the debtor claims as a homestead*." 11 U.S.C. §522(p)(1)(D).

Green Valley argues that Section 522(o)(4) applies because the Debtor recorded his homestead within the requisite time period; the Court disagrees. The plain language of Section 522(o) indicates that the debtor must have "disposed of" nonexempt property within 10 years of filing bankruptcy. Here, the Debtor did not sell, or otherwise transfer, any property within that time period; he merely designated his Property as a homestead. In the cases interpreting this statutory provision, the debtors sold nonexempt, or partially exempt, assets such as cars, farm equipment, and agricultural land and applied the proceeds to their home mortgages. *See In re Agnew*, 2006 WL 3208564 at * 2; *In re Lacounte*, 342 B.R. 809, 812-3 (Bankr. D. Mont. 2005); *In re Maronde*, 332 B.R. 593, 596-7 (Bankr. D. Minn. 2005). The Court finds that recording a homestead, which is essentially taking advantage of a exemption available under state law, is not analogous to these types of transfers and is not within the meaning of Section 522(o). *See In re Miller*, 113 B.R. 98, 104 (Bankr. D. Mass. 1990) (holding that recording a homestead is not a transfer under the Uniform Fraudulent Transfer Act).

Green Valley also argues that Section 522(p)(1)(D) applies because the Debtor recorded his homestead within the requisite time period; the Court once again disagrees. The plain language of Section 522(p) indicates that the debtor must have acquired an interest in the property within 1,215 days of filing. The term " interest' refers to some quantitative amount of legal or equitable value *See In re Rogers*, --- B.R. ---, 2006 WL 2956537, *3 (N.D. Tex. 2006) (discussing at length the statutory construction of Section

522(p)). The homestead is not a quantifiable interest; it is a classification of property under state law. *Id.* Here, the Debtor did not acquire his interest in the Property within 1,215 days; rather, the Property "acquired" its classification as a homestead during that time. Thus, the Court finds that Sections 522(o) and (p) do not apply and that Debtor is entitled to the $500,000.00 homestead exemption under Massachusetts law, which Green Valley's lien fully impairs.

For the reasons set forth herein, the Debtor's Motion to Avoid Judicial Lien is GRANTED. A separate order shall issue.

Dated: November 22, 2006

Joel B. Rosenthal
United States Bankruptcy Judge